UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ALLISON MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00326-JPH-DLP |
| | ) | |
| WARDEN, Rockville Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Granting Respondent's Unopposed Motion to Dismiss Petition
and Directing Entry of Final Judgment**

Indiana Department of Correction inmate Allison Moore filed her petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging prison disciplinary case number RTC 19-01-0271. In this disciplinary case, Ms. Moore was found guilty of battery, and her sanctions included a suspended thirty-day loss of good time credits. Dkts. 1 & 9-3. The respondent Warden now moves to dismiss the petition as moot because the time for imposing a suspended sanction under Indiana law has run, the loss of good time credits may not now be imposed, and accordingly Ms. Moore no longer has a sanction that affects the fact or duration of her confinement. Dkts. 9 & 10. Ms. Moore has not responded to the motion to dismiss and accordingly it is unopposed.

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that [she] 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters*, 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). If the sanctions imposed in a prison disciplinary proceeding do not potentially lengthen a prisoner's custody, then those sanction cannot be challenged in an action for habeas corpus relief. *See Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Typically, this means that in

1

order to be considered "in custody" for the purposes of challenging a prison disciplinary proceeding, the petitioner must have been deprived of good-time credits, *id.*, or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001). When such a sanction is not imposed, the prison disciplinary officials are "free to use any procedures it chooses, or no procedures at all." *Montgomery*, 262 F.3d at 644.

In Ms. Moore's disciplinary proceeding, she was found guilty of battery and her sanctions included a thirty-day loss of good time credits which was suspended. Dkt. 9-3. The sanctions were never enforced, and after six months, suspended sanctions can no longer be enforced. Indiana Department of Correction Disciplinary Code for Adult Offenders, § IX.E.3(d)(1); Ind. Code § 11-8-2-5(a)(8). Because more than six months has passed since the suspended sanction was imposed, it can no longer be enforced and nothing in this disciplinary case affects the fact or duration of Ms. Moore's confinement.

A habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001). Because six months have passed and the suspended sanction has not been imposed on Ms. Moore, this habeas action, even if the petition was granted, could have no effect on the duration of Ms. Moore's custody. She is therefore not "in custody," and this action is moot. *See Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Accordingly, the respondent's unopposed motion to dismiss, dkt. [9], is **granted**. The petition for writ of habeas corpus is dismissed for lack of jurisdiction. Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 5/6/2020

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Allison Moore
240646
Rockville Correctional Facility
Inmate Mail/Parcels
811 West 50 North
Rockville, In 47872

David Corey
Indiana Attorney General
david.corey@atg.in.gov